**BLD-151** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3032
_____

ALEX PETTIS,
Appellant

v.

CORRECTIONAL OFFICER EVERHART, SCI-ROCKVIEW;
CORRECTIONAL OFFICER WYKOFF, SCI-ROCKVIEW;
SECURITY LT. VANCE, SCI-ROCKVIEW;
KERI MOORE, Assistance Chief Grief Officer; SCI-ROCKVIEW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01308)
Magistrate Judge: Honorable Joseph F. Saporito, Junior (by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021

Before: AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: April 28, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Alex Pettis, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. Pettis is a Pennsylvania state prisoner who was housed at State Correctional Institute Rockview ("SCI-Rockview"). In 2019, Pettis filed a complaint under 42 U.S.C. § 1983 alleging that defendant correctional officers Everhart and Wykoff improperly confiscated his legal papers related to the direct appeal of his criminal conviction in violation of the First, Fifth, Sixth, and Fourteenth Amendments.[1] Pettis further alleged that defendants Vance and Moore improperly denied the inmate grievance he filed. Pettis seeks damages against defendants in their individual and official capacities.

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Pettis was given multiple extensions to file a response but failed to file a brief in opposition. The District Court[2] granted defendants' motions, determining defendants were entitled to Eleventh Amendment immunity for the official capacity claims and that Pettis had not adequately alleged Vance and Moore's

---

[1] Pettis's initial complaint failed to allege any federal claim and defendants moved to dismiss. Pettis subsequently amended his complaint to allege the constitutional violations.

[2] A Magistrate Judge, proceeding by consent of the parties.

personal responsibility, had failed to allege an actual injury regarding the loss of his legal materials, and had not met the standard for claims under the First, Fifth, Sixth, or Fourteenth Amendments. The court declined to provide Pettis an additional opportunity to amend his complaint, concluding amendment would be futile. Pettis timely filed his notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Pettis is proceeding pro se, we construe his filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III

We agree with the District Court's assessment that Pettis's complaint was insufficient to state a civil rights action against defendants.[3] As the District Court

---

[3] The District Court appropriately found that the damages claims against the defendants in their official capacities were barred by the Eleventh Amendment. See Betts v. New

3

explained, Pettis has not sufficiently alleged that defendants Vance and Moore were personally involved in the confiscation of his legal material. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff cannot rely solely on respondeat superior as a theory of liability).

The District Court construed Pettis's allegations about the confiscation of his legal mail to be an assertion that the defendants violated his right of access to the courts.[4] See Lewis v. Casey, 518 U.S. 343, 346 (1996). The District Court properly held that such a claim would fail because Pettis did not allege any "actual injury" or impairment of his legal rights due to the absence of the materials. See Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008) (actual injury defined as "nonfrivolous" or "arguable" claim that must be described "well enough to show that it is 'more than mere hope'" (quotations omitted)). The District Court further observed that, although Pettis had asserted that he was pursuing his direct appeal at the time his legal papers were confiscated, he was also

---

Castle Youth Dev'p Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

[4] Pettis also alleged that the confiscation of his legal material violated Pennsylvania Department of Corrections policies. Because Pettis did not allege that the policy was unconstitutional, the District Court correctly determined this claim was not cognizable under 42 U.S.C. § 1983. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006).

4

represented by counsel for his direct appeal and did not argue that the confiscation of his paperwork impeded access to counsel or otherwise undermined his appeal. Cf. Oliver v. Fauver, 118 F.3d 175, 176–77 (3d Cir. 1997) ("notwithstanding [petitioner's] failure to allege actual injury, the record indicated that no such injury occurred"). Accordingly, we agree with the District Court that Pettis "could not prevail on his access-to-the-courts claim because he had failed to allege actual injury caused by the alleged interference." Id.; see Lewis, 518 U.S. at 356.[5]

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

---

[5] We also agree that Pettis failed to allege violations under the Fifth, Sixth, or Fourteenth Amendments. Accordingly, the District Court did not err in declining to provide an opportunity to amend the complaint again.